IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, #2300216 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv151 |
| JOB MONGARE | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jay Williams, an inmate housed within the Henderson County Jail proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On April 4, 2023, the Court ordered Plaintiff, within thirty days, to either submit the requisite $402.00 filing or file an application to proceed *in forma pauperis*, with an attached inmate trust fund account statement or equivalent from the jail, (Dkt. #3). The order specifically warned him that the failure to comply may result in the dismissal of his lawsuit. A copy of this order was mailed to Plaintiff at his address; a copy of the application to proceed *in forma pauperis* was also mailed to Plaintiff so that he could easily fill it out and return it to the Court.

Plaintiff proceeded to file many motions, notices, and two amended complaints—but not a motion for leave to proceed *in forma pauperis* or the filing fee. Instead, Plaintiff attached a handwritten "payment coupon" to his amended complaint, (Dkt. #4-5), that states $402.00 is "payable to the United States District Court for the Eastern." A handwritten coupon is not transferable currency that can be recognized as payment of the filing fee. In other words, a coupon has no legal significance and is therefore insufficient.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, even with the benefit of additional time, Williams failed to submit the filing fee or an application for leave to proceed *in forma pauperis*. Accordingly, he failed to comply with the Court's order. A payment coupon is neither a sincere nor a good faith effort to comply. The statutes Plaintiff cites, 18 U.S.C. §§ 8; 20(7)(10), are definitions for other purposes having nothing to do with the filing fee or proceeding *in forma pauperis*. Moreover, the section 1983 complaint form that Plaintiff signed, (Dkt. #4)—along with this Court's deficiency order—explain that the complaint must be accompanied by the filing fee of $402.00 or a request to proceed *in forma pauperis*. Through both the complaint form and this Court's order, Plaintiff was on notice regarding the filing fee.

Plaintiff's failure to comply with an order of the Court is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 31st day of May, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE